**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Levi Jaimes Jackson,<br>          Petitioner,<br>vs.<br>Charles L. Ryan, et al.,<br>          Respondents. | No. CV-01-545-TUC-RCC<br><br>**ORDER** |

Petitioner has filed a Motion for Reconsideration/Motion for Certificate of Appealability ("COA") from this Court's order denying his habeas petition. (Dkt. 53.)[1] The motion argues generally for reconsideration of the Court's order denying habeas relief and requests a COA on Claims 1 and 3. (Dkt. 51.)

Reconsideration is appropriate only if (1) the court is presented with newly discovered evidence, (2) there is an intervening change in controlling law, or (3) the court committed clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is not a forum for the moving party to make new arguments not raised in its original briefs, *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-926 (9th Cir. 1988), or to ask the court to "rethink what it has already

---

[1] "Dkt." refers to documents in this Court's file.

thought through," *United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (quotation omitted). Petitioner's motion essentially reurges the same arguments already considered by the Court; it does not point to clear error, newly-discovered evidence, or an intervening change in the law. Therefore, the motion for reconsideration is denied.

Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a COA or state the reasons why such a certificate should not issue. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

The Court finds that reasonable jurists could debate its resolution of Claim 3. For the reasons stated in the Court's order of November 18, 2009 (Dkt. 51), the Court declines to issue a COA with respect to any other claims or procedural issues.

Based on the foregoing,

**IT IS ORDERED** that Petitioner's Motion for Reconsideration (Dkt. 53) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court issues a Certificate of Appealability on the following: Whether Petitioner is entitled to federal habeas relief on Claim 3, alleging that his federal constitutional rights were violated by the trial court's felony-murder instruction.

DATED this 8th day of December, 2009.

_____
Raner C. Collins
United States District Judge